JOHN WANAMAKER, New York, Respondent, *v.* CHARLES B. TOOLE, Appellant.

First Department, July 13, 1917.

**Principal and agent — sale — purchase by agent for undisclosed principal — estoppel — remedies of seller — replevin.**

In an action to replevy certain furniture it appeared that it was purchased and charged to the account of one G. and delivered to the defendant where G. received and signed for it; that upon the defendant's failure to

pay for the furniture the plaintiff made demand upon G. for payment, who gave an order on the defendant directing him to deliver the furniture, and that said order was not honored, and thereafter G. executed a bill of sale to the plaintiff.

*Held,* on all the evidence, that the complaint should be dismissed, because there was an absolute sale and title passed to the defendant upon delivery to him;

That G. was merely acting as agent for the defendant, an undisclosed principal;

That while the plaintiff has the right to sue either the agent or the principal for the purchase price upon discovering the agency, the transaction being in fact a sale, G. can only be held accountable on the ground of estoppel, he having made the purchase on his own credit.

It was error to send the case to the jury to determine whether evidence by G. of a sale to the defendant or evidence offered by the defendant to show that G. agreed to purchase the furniture and deliver it to him 'in payment of an indebtedness was true, because either theory would result, as a matter of law, in the dismissal of the complaint.

A subsequent bill of sale executed by G., the agent, was without effect and gave no title to the plaintiff.

APPEAL by the defendant, Charles B. Toole, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of January, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 10th day of January, 1917, denying defendant's motion for a new trial made upon the minutes.

The action was brought to replevy certain chattels.

*Jacob M. Kram,* for the appellant.

*Louis Frankel* [*David Cohen* with him on the brief], for the respondent.

PAGE, J.:

It appears that one Henry H. Goodwin was about to become associated in business with the defendant, Charles B. Toole, at 120 Broadway in the city of New York. The defendant Toole desired to furnish offices at that place but had no money wherewith to buy the furniture. Goodwin had for a number of years had an account with John Wanamaker, New York, and according to his testimony stated to Toole that he could secure the furniture for the equipment of the office on credit

for thirty or sixty days at Wanamaker's. Goodwin and Toole went to Wanamaker's, selected the furniture, and it was purchased and charged to the account of Goodwin, and delivered at the office of Mr. Toole at 120 Broadway, where Goodwin received and signed for it. Goodwin further testified that at this time Toole agreed to pay for the furniture out of the proceeds of the business. When the payment of Wanamaker's bill for the furniture became due, it appears that neither Toole nor Goodwin had money wherewith to pay it. Shortly thereafter Goodwin left the office of Toole with whom he had been working in the meantime, occupying space in his office, and using a portion of the furniture. Wanamaker made demand upon Goodwin for payment of the furniture, whereupon Goodwin gave Wanamaker an order on Toole directing him to deliver the furniture to them. The order was not honored, and thereafter Goodwin executed a bill of sale of the furniture to the plaintiff.

Goodwin testified repeatedly that his arrangement with Toole was that Toole was to pay for the furniture, and at one place in the record it appears that Goodwin stated: " I bought it in my own name for use in Toole's office, and he was to pay for it and own it."

The plaintiff brings this action of replevin against Toole to recover the furniture or its value, relying in support of its claim of title upon the bill of sale of the furniture executed by Goodwin after Toole's default in paying the bill. The defendant moved at the close of plaintiff's case to dismiss the complaint, on the ground that the evidence of the witness Goodwin showed a sale of the property to the defendant and that title passed to Toole, which motion was denied. The defendant then offered evidence to show that at the time when Goodwin purchased the furniture he was indebted to the firm of Gross & Toole, of which the defendant was a member, in the sum of upwards of $4,500, and that Goodwin agreed to purchase the furniture and deliver it to the defendant in part payment of this indebtedness.

The case was sent to the jury to determine whether the version of the transaction testified to by Goodwin or the version testified to by the defendant Toole was true. It seems to me that this was error, for the reason that which-

ever story the jury credited and whichever theory of the transaction they adopted would properly, as a matter of law result in a dismissal of the complaint. Accepting the plaintiff's version as correct, then the property was bought by Goodwin as agent for Toole and delivered to Toole with the intention of passing title to him, and when it was delivered title clearly passed to the defendant. Goodwin was merely acting as agent for an undisclosed principal, and while the plaintiff Wanamaker would have the right to sue either the agent or the principal for the amount of the furniture upon discovering the agency, the transaction was in fact a sale to Toole, the principal, and Goodwin could only be held accountable on the ground of estoppel because he purchased the property on his own credit. The sale was not a conditional sale but an absolute one and title passed immediately to Toole upon delivery at his office.

The subsequent bill of sale executed by Goodwin was without effect and gave no title to the plaintiff.

The judgment must accordingly be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., SCOTT, DOWLING and DAVIS, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.